LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | | Date | February 25, 2014 |
|---|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** |
|---|---|

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

**ORDER RE DEFENDANT ARMSTRONG'S MOTION TO DISMISS OR IN ALTERNATIVE TO STRIKE[21]**

**DEFENDANT FRS'S MOTIONS TO DISMISS AND TO STRIKE [22, 25]**

   Pending before the Court are Motions to Dismiss and Strike class allegations from a putative class action on behalf of a nationwide class seeking injunctive relief and compensation for damage caused by Defendants' deceptive practices in their marketing and advertising of multiple sports-related energy products. For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

## I.    BACKGROUND

### A. The Parties

   FRS Company ("Defendant FRS") is based in Torrance, California. (FAC ¶ 2.) It manufactures, sells, advertises, and markets energy and sports drinks, concentrates, chews, and powders ("FRS products") throughout the United States and abroad. (FAC ¶ 2.)

   Lance Armstrong ("Defendant Armstrong") was a famous and idolized athlete, the winner of seven Tour de France titles before he admitted to using performance enhancing

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | |

drugs. (FAC ¶ 3.) Plaintiffs allege that during the Class Period, Defendant Armstrong was an equity owner of Defendant FRS. (FAC ¶ 4.) Prior to his resignation, he served as both a member of the Board of Directors and an "FRS Ambassador." (FAC ¶ 4.) As a part of the management team, Defendant Armstrong participated in the formation and execution of Defendant FRS's marketing and advertising strategy. (FAC ¶ 4.)

This is a putative class action on behalf of a nationwide class. (FAC ¶ 1.) Jennifer Hyle, Jessica Graham, and Robert Martin are representative Class Members (collectively "Plaintiffs"). (FAC at 2.) The class time period ("Class Period") covers Defendant Armstrong's involvement with Defendant FRS from April 11, 2007 through October 17, 2012. (FAC ¶ 1.)

### B.  The Dispute

Plaintiffs filed this FAC in response to Defendant Armstrong's revelation that he used illegal performance enhancing drugs ("PEDs") when he competed in the Tour de France competitions. (FAC ¶ 18.) Plaintiffs allege that Defendants' marketing campaign was based on deceptions that Defendant Armstrong and Defendant FRS were "closely associated" and that the products were "responsible for" his "legendary athletic achievements" and endurance and that FRS products were Defendant Armstrong's "secret weapon." (FAC ¶¶ 9, 10, 42, 116.) Plaintiffs' forty pages of factual allegations and two-hundred and sixty one pages of exhibits provide incorporate Defendant FRS's advertisements into the FAC.

Plaintiffs point to an internet advertisement as an example of Defendant FRS's deceptive advertising. In the ad, text flashed across the screen posing the question, "What is Lance Armstrong's Secret What is Lance Armstrong's Secret . . ." Suspenseful music played in the background as images of Defendant Armstrong training flashed on the screen.[1] Defendant Armstrong finishes the question by looking into the camera and

---

[1] Plaintiffs incorporate this ad by reference into the FAC. (FAC ¶ 9 n.4-5.); *See* http://youtube/-cXs4gaB1-A. The Court may take judicial notice of the documents because Plaintiffs and Defendants do not question the authenticity of the advertisement, and the FAC necessarily relies on it. *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted) (A "court may [also] consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV-13-01456- BRO (MANx) | Date | February 25, 2014 |
|----------|-------------------------|------|-------------------|
| Title | Robert Martin v. FRS Company et al | | |

stating "Weapon?" At which point the ad ostensibly provides a response, flashing the text "FRS with Quercetin," "Keep it Real" while showing images of FRS energy drinks with chimes and an explosion sound effect. (FAC ¶ 9 n.4-5.) Plaintiffs allege that they were misled by advertisements such as this, which implied that FRS products were his "secret weapon." (FAC ¶¶ 9-10.) According to Plaintiffs, Defendants' "secret weapon" campaign was premised on three fundamental deceptions:

> 1. Defendant Armstrong was the only seven time Tour de France champion in history;
> 2. FRS products closely associated with Defendant Armstrong's legendary athletic abilities and achievements;
> 3. FRS products – and not illegal performance-enhancing substances were the "secret weapon" that enabled Defendant Armstrong's athletic achievements and abilities.

(FAC ¶ 9.) Plaintiffs allege that "[a]bsent successful acceptance by consumers of these basic deceptions, Defendants' Lance Armstrong-based marketing campaign would not have achieved the remarkable financial success it achieved during the Class Period, allowing Defendants to reap millions in profits at the expense of unknowing Class members. (FAC ¶ 9.)

Plaintiffs allege four causes of action against Defendant, all stemming from Defendant Armstrong's endorsements and advertisements: (1) a violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (2) a violation of the California False Advertising Law, Cal Bus. & Prof. Code § 17500, *et seq.*; (3) a violation of the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq.*; and (4) a Breach of Express Warranty. (FAC at 33-38.)

---

to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 681–82 (9th Cir. 2006)).

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | |

## C. Procedural History

On February 28, 2013, Plaintiffs filed a Class Action Complaint against Defendants Armstrong, FRS, Oak Investment Partners.[2] (Dkt. No. 1.) On April 24, 2013, Plaintiffs filed a First Amended Complaint. (Dkt. No. 9.) On July 3, 2013, Defendant Lance Armstrong filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) or in the alternative to strike the class action allegations pursuant to 12(f). (Dkt. No. 21.)  On July 3, 2013, Defendant FRS filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 9(b) and a Motion to Strike the Class Action Allegations. (Dkt. Nos. 22, 25.) Plaintiffs filed an Omnibus Opposition to Defendants' Motions. (Dkt. No. 41.) On September 20, 2013, Defendant FRS filed a Reply. (Dkt. No. 47.) On September 20, 2013, Defendant Armstrong filed a Reply. (Dkt. No. 48.)

## II.   LEGAL STANDARD

### A. Rule 12(b)(6)

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (emphasis added).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

---

[2] Defendant Oak Investment Partners was terminated on August 22, 2013.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | |

        In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: (1) first, discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, (2) determine "whether they plausibly give rise to entitlement to relief."  *See id.* at 679; *see also Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012).  A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

### B. Rule 9(b)

        Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009). Courts in the Ninth Circuit have held that claims for both fraud and negligent misrepresentation are subject to Rule 9(b). *See Meridian Project Sys., Inc. v. Hardin Const. Co., LLC,* 404 F.Supp.2d 1214, 1219 (E.D.Cal.2005); *Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp.2d 1101, 1141 (C.D.Cal.2003); *Glen Holly Entm't, Inc. v. Tektronix, Inc.,* 100 F.Supp.2d 1086, 1093 (C.D.Cal.1999). To satisfy the heightened standard under Rule 9(b), the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985). Thus, claims sounding in fraud must allege "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (per curiam). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir.1994) (en banc), *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharmaceutical Corp.,* 927 F.Supp. 1297, 1309 (C.D.Cal.1996).

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV-13-01456- BRO (MANx) | Date | February 25, 2014 |
|---|---|---|---|
| Title | Robert Martin v. FRS Company et al | | |

### C. Leave to Amend

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## III.    DISCUSSION

Plaintiffs allege violations of : (1) A Breach of Express Warranty; (2) The Consumer Legal Remedies Act ("CLRA"); (3) The California False Advertising Law ("FAL"); and (4) The California Unfair Competition Law ("UCL").

Defendants FRS and Armstrong filed Motions that are very similar in content. (Dkt. Nos. 21, 25.) Plaintiffs provided an Omnibus Opposition to both Motions. (Dkt. No. 41.) Because the Motions have overlapping arguments, the Court will refer to the arguments in both Motions throughout its analysis.

### A. Breach of Warranty Claim

#### 1.  Breach of Express Warranty

At the outset, the Court notes that Plaintiffs' cause of action for breach of express warranty does not identify the statute under which they seek relief. To prevail on a breach of express warranty claim, Plaintiffs "must prove (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Weinstat v. Dentsply Int'l, Inc.,* 180 Cal.App.4th 1213, 1227 (2010) (internal quotation marks and citation omitted). Proof of reliance on specific promises is not required. *Id.* Plaintiffs allege "Defendants expressly warranted, among other things, that FRS products were Defendant Armstrong's 'secret weapon' in pursuit of his athletic achievements when, in fact, Defendant Armstrong's true secret weapon was his regular use of illegal performance enhancing drugs." (FAC ¶ 137.)

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|----------|------------------------------|------|-------------------|
| Title | **Robert Martin v. FRS Company et al** | | |

#### a. Notification Requirement

First, Plaintiffs did not comply with the pre-suit notice requirement of Commercial Code section 2607(3)(A). *See id.* ("The buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy."). In their opposition papers, Plaintiffs claim they are asserting a claim for breach of express warranty against Defendant FRS in its capacity as a *manufacturer*, not a seller. (Dkt. No. 41 at 38.) As such, the law is clear that a plaintiff is not required to give notice. *See Aaronson v. Vital Pharm., Inc.*, No. 09-CV-1333 W (CAB), 2010 WL 625337, at *5 (S.D. Cal. Feb. 17, 2010) ("In claims against a manufacturer of goods, however, California law does not require notice."). Plaintiffs do not allege that they are suing Defendant FRS as a manufacturer.

#### b. Puffery

Second, under California law, statements constituting "mere puffery" cannot support liability under a claim for breach of warranty. *See, e.g. Pulvers v. Kaiser Foundation Health Plan, Inc.,* 99 Cal.App.3d 560, 565 (1979); *see generally Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 987 (N.D. Cal. 2009) (holding that plaintiff was required to allege in greater detail why the emulation of "millions of colors" generated by the dithering process amounted to a breach of express warranty). As discussed *infra* in Section III.B.1., the Court finds that the "secret weapon" statements amount to non-actionable puffery that cannot be used to state a claim for breach of express warranty.

The Court finds that Plaintiffs fail to allege this cause of action. As such it is dismissed with leave to amend.

### B. Fraud Claims

In their Motions to Dismiss, Defendants largely raise two issues with Plaintiffs FAC. First, Defendants argue that the allegedly deceptive statements or advertisements amount only to "puffery," depriving Plaintiffs of an actionable claim for a violation of the FAL, UCL, or CLRA. Second, Defendants argue that Plaintiffs do not meet the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | |

heightened pleading standard of Rule 9(b). The Court agrees, finding that Plaintiffs' allegations amount to non-actionable "puffery" and that the FAC does not meet the requirements of the heightened pleading standard.

### 1. FAL, CLRA, and "Fraudulent and Unfair Practices" Prongs of UCL

Under the FAL, CLRA, and UCL, the standard is the "reasonable consumer" test. *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 854 (N.D. Cal. 2012). Plaintiffs must allege that members of the public are likely to be deceived by the business practice or advertising at issue. *Id.*; *see also Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th Cir.1995) ("[T]he false or misleading advertising and unfair business practices claim must be evaluated from the vantage of a reasonable consumer."). "The California Supreme Court has recognized that these laws prohibit not only advertising which is false, but also advertising which [,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiffs must plead that there was misleading advertising or an actionable omission. To state a claim under the FAL[3] one must plead either advertising is false or that "although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002) (internal quotation marks omitted). Any violation of the "false advertising law . . . necessarily violates the UCL." *Id.* at 950.

---

[3] In *Kasky v. Nike, Inc.*, the California Supreme Court articulated the FAL standard from California Civil Code section 17500. Accordingly,

> California's false advertising law (§ 17500 et seq.) makes it "unlawful for any person, ... corporation ..., or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services ... or to induce the public to enter into any obligation relating thereto, to make or disseminate ... before the public in this state, ... in any newspaper or other publication ... or in any other manner or means whatever ... any statement, concerning that real or personal property or those services ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading ...." (§ 17500.).

*Kasky*, 27 Cal. 4th at 950.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV-13-01456- BRO (MANx) | Date | February 25, 2014 |
|---|---|---|---|
| Title | Robert Martin v. FRS Company et al | | |

Under the UCL's "fraudulent prong,"[4] "[a] violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Rather, it is only necessary to show that members of the public are likely to be deceived." *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1167 (2000).

To state a claim under CLRA, Plaintiffs must allege that Defendants made a representation "that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have." Cal. Civ. Code § 1770(a)(5); (*See* FAC ¶ 114.)

As such, the Court will first examine the allegedly deceptive statements to determine whether Plaintiffs plead an actionable claim.

### a. Affirmative Misrepresentation

Plaintiffs allege that the advertisements were deceptive because Defendant Armstrong's true "secret weapon" was PEDs not FRS products. (FAC ¶ 9.) Plaintiffs allege that Defendants conceived of and successfully executed a marketing campaign designed to deceive the consumer into believing that FRS Products were the only supplement used by Defendant Armstrong to give him an edge in a sport plagued by constant allegations of illegal doping. (FAC ¶¶ 46-75; Dkt. No. 41 at 11.) The Court finds that Defendants' statements about a "secret weapon" constitute non-actionable puffery.

Plaintiffs argue that determining whether the advertising constitutes mere puffery is not a determination that is appropriate at the motion to dismiss stage. The Court disagrees. In *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service Inc.*, the Ninth Circuit held that "[d]istrict courts often resolve whether a statement is puffery when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and [the Ninth Circuit] can think of no sound reason why they should not do so." 911 F.2d 242, 245 (9th Cir. 1990). The Ninth Circuit held that the advertisement "we're

---

[4] "To state a claim for unfair competition pursuant to Cal. Bus. & Prof. Code § 17200, a plaintiff must establish that a practice is either unlawful, unfair, or fraudulent." *Kearney v. Hyundai Motor Co.*, No. SACV 09-1298 DOC, 2010 WL 9093204, at *9 (C.D. Cal. June 4, 2010) (citing *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F.Supp.2d 1009, 1022 (N.D.Cal.2007)).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|----------|------------------------------|------|-------------------|
| Title | **Robert Martin v. FRS Company et al** | | |

the low cost commercial collection experts" was a general assertion of superiority rather than a factual misrepresentation. *Id* at 246. As such, the Ninth Circuit affirmed the lower court's finding that "it [was] beyond the realm of reason to assert . . . that a reasonable consumer would interpret this as a factual claim upon which he or she could rely." *Id*.

Plaintiffs urge the Court to instead adopt the standard in *Williams v. Gerber Products* Co., in which the Ninth Circuit declined to determine whether the phrase "nutritious" constituted puffery. 552 F.3d 934, 939 n.3 (9th Cir. 2008). The Ninth Circuit held that there were sufficient facts to state a claim that the reasonable consumer would be deceived by packaging. *Id*. at 939. In *Williams* plaintiffs argued that defendant's packaging was deceptive because it displayed fruit juxtaposed with the phrases: "nutritious," "Rich in vitamin C," "fruit juice and other natural ingredients." *Id*. at 941. Defendant argued that the word "nutritious" was not measurable and therefore constituted mere puffery; however the Ninth Circuit found that it contributed "to the deceptive context of the packaging as a whole." *Id*. at n.3. "Given the context of the statement, [the court] declined to give Gerber the benefit of the doubt by dismissing the statement as puffery." *Id*.

The Court finds Plaintiffs' case distinct from *Williams*. In *Williams*, the plaintiffs argued that packaging was deceptive because the products were not "nutritious" and did not contain "juice from the actual and fruit-like substances displayed on the packaging." *Williams*, 552 F. 32 at 936. Instead, the products' main ingredients were corn syrup and sugar. *Id*. Here, Plaintiffs do not allege the advertisements were deceptive because they did not provide the advertised results. The advertisements attached to the FAC boast that FRS products help one fight fatigue, and support one's immune system. (FAC, Ex. B.) Plaintiffs do not allege that these promised attributes or results were deceptive. Nor do Plaintiffs allege that the advertisements were deceptive because Defendant Armstrong did not use the products. Rather Plaintiffs allege that the advertisements were deceptive because the products did not in fact constitute Defendant Armstrong's "secret weapon." (FAC ¶ 9.) Because this is meaningfully distinct from the type of allegations in *Williams*, the Court finds that this is an appropriate legal question for consideration at the motion to dismiss stage. As such, the Court adopts the standard articulated in *Cook Perkiss and Liehe, Inc*., 911 F.2d at 245; *see also Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (holding that "the determination of whether an alleged

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|----------|------------------------------|------|-------------------|
| Title | **Robert Martin v. FRS Company et al** | | |

misrepresentation 'is a statement of fact' or is instead 'mere puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion."); *see generally Elias*, 903 F. Supp. 2d at 855 (applying *Cook* when it granted defendant's motion to dismiss for non-actionable puffery).

The Court finds that the phrase "secret weapon" is unquantifiable and that Plaintiffs' allegations require an unreasonable inference in order to state a claim.

### i. Unquantifiable

The Court finds that the statement "secret weapon" is unquantifiable. To the contrary, Plaintiffs argue that "the entire 'secret weapon' campaign was premised on a quantifiable falsehood" because "FRS was *not* Defendant Armstrong's 'secret weapon at all." (Dkt. No. 41 at 19; FAC ¶ 84.) Plaintiffs argue that "[h]is real 'secret weapon' was his ongoing use of PEDs over many years, *including throughout the duration of the 'secret weapon' campaign*." (Dkt. No. 41 at 19; FAC ¶ 84.) The Court does not agree.

Puffery involves "outrageous generalized statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers." *Cook, Perkiss & Leihe, Inc.*, 911 F.2d at 246. "The distinguishing characteristics of puffery are vague, highly subjective claims as opposed to specific, detailed factual assertions." *Haskell v. Time, Inc.,* 857 F.Supp. 1392, 1399 (E.D. Cal.1994). Plaintiffs argue that "[t]he takeaway message from these ads for the 'ordinary consumer' was 'Lance Armstrong is a seven-time Tour de France champion and his secret weapon is FRS. And that message is both quantifiably false and fundamentally deceptive." (Dkt. No. 41 at 18 n.15.) In contrast, the Court finds that this inference is not quantifiable. Other district courts have held words and phrases like "high-quality," "more innovative," "of superb quality" and "packed with power" to be non-actionable puffery. *See In re Countrywide Fin. Corp. Sec. Litig*., 588 F.Supp.2d 1132, 1144 (C.D. Cal. 2008) ("For example, descriptions such as 'high quality' are generally not actionable; they are vague and subjective puffery not capable of being material as a matter of law."); *Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1141 (C.D. Cal. 2005) (holding "quality," "reliability," and "performance," to be non-actionable puffery while "most stringent quality control tests" and "brand-name components" were specific enough to be actionable); *Oestreicher v. Alienware Corp.*, 544 F.Supp.2d 964, 973 (N.D. Cal. 2008) (noting that statements of product superiority

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | |

based on being "faster, more powerful, and more innovative," and "higher performance" are "non-actionable puffery"); *Elias*, 903 F. Supp. 2d at 855 ("Generalized advertisements that a computer is 'ultra-reliable' or 'packed with power' say nothing about the specific characteristics or components of the computer. Indeed, virtually identical statements have been found non-actionable by other courts.").

Similarly, the Court finds that "secret weapon" says nothing about the specific characteristics or components of FRS products. *See also Cook, Perkiss and Liehe, Inc.*, 911 F.2d at 246 (noting that, while "an advertiser's statement that its lamps were far brighter than any lamp ever before offered for home movies" was found to be puffery, allegations of superior brightness based on statements such as "35,000 candle power and 10–hour life" did support a potential Lanham Act claim) (internal quotation marks and citation omitted).

### ii.   Unreasonable Inference

The Court finds that Plaintiffs' allegations involving the "secret weapon" statements require the reasonable consumer to make an unreasonable inference. Plaintiffs explain that the reasonable consumer would interpret the advertisements to mean that Defendant Armstrong's success as a cyclist is due to his use of FRS products not illegal PEDs use. (Dkt. No. 41 at 18 n.15.)  Importantly, however, Plaintiffs do not allege that Defendant FRS made specific representations about the FRS products, only that they were Defendant Armstrong's "secret weapon." (FAC ¶ 9.) Plaintiffs analogize this case to *Rosales v. Fitflop USA, LLC*, 882 F.Supp.2d 1168, 1174 (S.D. Cal. 2012). (Dkt. No. 41 at 12.)  In *Rosales*, the court held that plaintiffs stated a claim when they alleged that they were motivated to purchase footwear after being exposed to an ad campaign falsely extolling non-existent health benefits. 882 F.Supp.2d at 1174. The Court finds Plaintiffs' allegations to be distinct from those in *Rosales*. *See id*.; *see also Johnson v. Gen. Mills, Inc.*, 275 F.R.D. 282, 286 (C.D. Cal. 2011) (holding that plaintiff had standing to sue under UCL and CLRA because he purchased YoPlus yogurt for digestive health benefit and suffered economic harm when he did not obtain that benefit). Unlike the plaintiffs in *Rosales*, Plaintiffs do not allege that FRS products did not work. [5] In fact, Plaintiffs

---

[5] Plaintiffs incorporate by reference the National Advertising Division of the Better Business Bureau ("NAD") study which evaluated the FRS's advertising claims. The NAD study did not find that there was a proven correlation for increasing metabolism. According to the NAD study, "based on three

LINK:

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | | Date | February 25, 2014 |
|---|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | | |

provide a study from the National Advertising Division of the Better Business Bureau ("NAD") in the FAC confirming that FRS products were proven to boost energy and increase focus. (FAC, Ex. J.) Plaintiffs do not allege that the products did not boost energy, increase focus, or increase metabolism. Though Defendant Armstrong represented daily use of the products, Plaintiffs do not allege this was false either. (*See* FAC ¶ 37) (emphasis in FAC) ("I sit on the Board . . . I test and work with [FRS] products. I represent the brand . . . I speak to it  . . . [I am the] spokesperson for it . . . Most Importantly, *I am a User [who] actively uses the product on a daily basis*.").

Instead, Plaintiffs argue that Defendant FRS and Defendant Armstrong capitalized on the controversy surrounding his wins and the rumors of illegal PEDs use. (FAC ¶ 16.) Despite the alleged context of the statements, the Court finds that the reasonable consumer would not make the inference that a healthy energy drink could be the proprietary reason a decorated cyclist achieves success. (*See* FAC ¶ 32) ("Defendant FRS was formed . . . with the intention of being a healthy alternative to other sports beverages.") Such an inference requires the reasonable consumer to discount extensive training, natural ability or even illegal PEDs use. Further, Defendant Armstrong did not endorse the products until two years *after* his last Tour de France win. (FAC ¶ 33.) Similarly, in *TYR Sport, Inc. v. Warnaco Swimwear, Inc.*, the court held that the statement "athletes [should] wear Speedo equipment if they wanted to compete at the

---

different studies conducted on the advertised product itself, the advertiser provided a reasonable basis for its performance claims that the FRS Energy generally 'Boosts Energy,' and 'Increases Focus.'. . .'" (FAC ¶¶ 11, 74; FAC, Ex. J.)  Plaintiffs cite the study for its finding that "[Defendant] Armstrong is endorsing the product as an expert- a professional cyclist. In other words, NAD found an implied claim that his endorsement is that he drinks the product because it enhances his performance capability as an elite athlete." (FAC ¶ 74.) Because Plaintiffs attach the NAD study as an exhibit to the FAC and necessarily rely on it for their claims, the Court may consider facts from the NAD study which are uncontested by Plaintiffs. *See Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted) (A "court may [also] consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 681–82 (9th Cir. 2006)).

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV-13-01456- BRO (MANx) | Date | February 25, 2014 |
|---|---|---|---|
| Title | Robert Martin v. FRS Company et al | | |

highest level," was a general statement that amounted to classic puffery. 709 F. Supp. 2d 821, 830 (C.D. Cal 2010). The Court determined that "[n]o reasonable person would think that they would be incapable of competing without the Speedo suit." *Id*. at 830.

To take the advertisements as literally as Plaintiffs urge leads to other unreasonable inferences. Of course, after advertising a product, it is no longer a "secret," showing that a "secret weapon" advertisement is a self-defeating concept. The Court is not persuaded by Plaintiffs interpretation of the reasonable consumer's takeaway from the "secret weapon" campaign.

### b. Actionable Omission

Under the fraudulent prong of the UCL, "[a] plaintiff alleging that the defendant failed to disclose material facts must, however, establish that the defendant had a duty to disclose those facts." *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F.Supp.2d 1077, 1092 (S.D. Cal. 2010) (citing *Berryman v. Merit Prop. Mgmt., Inc.,* 152 Cal.App.4th 1544, 1557 (2007) ("Absent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL.")).

Plaintiffs allege that Defendants' conduct was likely to deceive the public because Defendants failed to disclose that Defendant Armstrong took PEDs. (Dkt. No. 41 at 21; FAC ¶ 9.) According to Plaintiffs this constitutes an actionable omission. The California Court of Appeal has held that there are four circumstances in which a failure to disclose a fact can constitute fraud or deceit:

> (1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed.

*Collins v. eMachines, Inc.,* 202 Cal.App.4th 249, 255 (2011) (citing *LiMandri v. Judkins,* 52 Cal.App.4th 326, 336 (1997)). Plaintiffs argue they have asserted facts that give rise to a duty to disclose under each of these circumstances.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | |

#### i.    "7 Time Tour de France Winner"

Plaintiffs suggest that, because Defendant Armstrong was stripped of his titles after Defendant FRS's advertisements were published, the victories never occurred.[6] The fact that Defendant Armstrong knew he used illegal methods to win the Tour de France, does not negate his titles. As alleged, at the time of the advertisements and for the entirety of the Class Period, Defendant Armstrong was a seven time Tour de France winner. (FAC ¶ 33.) Plaintiffs do not allege that Defendant Armstrong or Defendant FRS knew Defendant Armstrong would be stripped of his titles. Nor do Plaintiffs allege that Defendant FRS advertised Defendant Armstrong was a Tour de France winner after he was sanctioned. (Dkt. No. 25 at 11.) This type of allegation constitutes fraud by hindsight. *See Ronconi v. Larkin*, 253 F.3d 423, 430 n.12 (9th Cir. 2001) ("Fraud by hindsight is not actionable") (citations and quotations omitted). To cure the FAC's deficiencies, Plaintiffs would have to plead facts demonstrating that Defendants falsely stated that Defendant Armstrong was a seven-time champion at a time when he was not.

#### ii.    "Secret Weapon"

Plaintiffs cite to *Morgan v. AT & T Wireless Services, Inc.* which held that "[a] perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under the UCL." 177 Cal.App.4th 1235, 1255 (2009) (internal quotation marks omitted). In *Morgan*, the court discussed such a case holding that true statements were deceptive enough to state a claim when plaintiffs alleged that

> (1) they purchased insurance policies based upon the defendant insurance company's description of the premiums, lack of deductibles, and other policy benefits; (2) less than two months later the insurer notified them of significant changes to their policies, including material increases in premiums and substantial deductibles; and (3) the insurer knew of the impending changes to the policies at the time plaintiffs purchased them, but did not communicate that to the plaintiffs.

---

[6] Plaintiffs plead no facts suggesting that FRS advertised Defendant Armstrong as a Tour de France winner after he was sanctioned. (Dkt. No. 25 at 11.)

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV-13-01456- BRO (MANx) | Date | February 25, 2014 |
|---|---|---|---|
| Title | Robert Martin v. FRS Company et al | | |

*Id.* Plaintiffs argue that Defendant Armstrong knew about his doping activities and thus his failure to speak the full truth is actionable. (Dkt. No. 41-42.) Plaintiffs argue, "Defendant Armstrong was clearly aware of his own doping activity. According to Plaintiffs, Defendant Armstrong knew that his Tour de France wins were due to PEDs use." (Dkt. No. 41 at 22.) As an equity partner, Plaintiffs argue that his actions and liability should be imputed to Defendant FRS. (FAC ¶ 5; Dkt. No. 41 at 22.)

Assuming that this knowledge is imputed to Defendant FRS through Defendant Armstrong,[7] the Court finds that Plaintiffs do not plead facts sufficient to form a claim for relief. Defendant Armstrong and Plaintiffs cite to the same case for the proposition that "where one who is under no duty to speak nevertheless does so . . . he is bound to speak honestly, and not to suppress facts which materially qualify those stated, . . ." *Nibbi Brothers, Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal.App.3d 1415, 1425 (1988). Defendant Armstrong points to cases, uniformly involving a *product*, and an omission about that product. *See Torres v. JC Penney Corp., Inc.*, No. 12-CV-01105-JST, 2013 WL 1915681, at *6 (N.D. Cal. May 8, 2013) (failure to disclose jewelry had rhodium coating in a dispute about jewelry coating); *Herron v. Best Buy Co. Inc.*, 924 F.Supp.2d 1161, 1173 (E.D. Cal. 2013) (failure to disclose actual battery life in a dispute about battery life). As discussed above, Plaintiffs do not allege that FRS products did not work or misrepresented verifiable claims through its advertising.

Further, PEDs use was not material to the sale of FRS products. Because "secret weapon" is puffery, incapable of objective verification – it cannot constitute a material

---

[7] Defendants argue that the conduct of Defendant Armstrong cannot be imputed to Defendant FRS. Defendants argue that Plaintiffs do not allege that Defendant Armstrong doped in the normal scope of his duties as a board member of FRS. *See Display research Labs., Inc. v. Telegen Corp.*, 133 F.Supp.2d 1170, 1177 (N.D. Cal. 2001) (holding that the conduct of officers or directors of a corporation cannot be imputed to the corporation because "[t]hey did not acquire the knowledge in the normal scope of their duties as officers or directors.") For the purposes of the Motion to Dismiss, the Court grants Plaintiffs the inference that Defendant Armstrong acted as an agent. *See* W. Seavey, *Law of Agency* § 92 (1964) ("For instance, a principal is liable for an agent's fraud though the agent acts solely to benefit himself, if the agent acts with apparent authority.").

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV-13-01456- BRO (MANx) | Date | February 25, 2014 |
|---|---|---|---|
| Title | Robert Martin v. FRS Company et al | | |

omission. *See In re Sony*, 758 F.Supp.2d at 1092 ("(1) Plaintiffs have not sufficiently pleaded that the alleged representations were false at the time they were made, and (2) the allegedly false or misleading statements were nothing more than non-actionable puffery.").

Finally, Plaintiffs concede that they are suing Defendant FRS as a manufacturer. (Dkt. No. 41 at 38-39.) "[A] manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). Plaintiffs allege no safety issues.

### c.  Heightened Pleading Standard

The Court finds that Plaintiffs fail to meet the heightened pleading standard of Rule 9(b). Ninth Circuit precedent holds that Plaintiffs must meet the heightened pleading standard of Rule 9(b) for the UCL and CLRA claims. *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir.2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL."). For each cause of action Plaintiffs merely incorporate the FAC's common allegations. Mere incorporation of prior allegations is wholly insufficient to comply with the requirements of Rule 9(b). *See Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ("[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false."). Allegations of fraud must be pled with specificity and identify the who, what, when, where, and how of the alleged fraudulent conduct. *Id*. Plaintiffs' allegations largely involve background information about Defendant Armstrong, how he came to be an equity partner in Defendant FRS, and the contents of their joint advertising campaign. Plaintiffs provide no specific factual allegations linking the deceptive advertising with Plaintiffs' subsequent actions.

### i.    Exposure to Deceptive Advertising for FAL, UCL

Plaintiffs only provide conclusory statements to allege exposure to Defendants' advertising campaign. Plaintiffs allege that "Plaintiff Hyle purchased FRS products, which are the subject matter of this suit, including FRS Drinks. Plaintiff Hyle was generally aware of FRS's association with Defendant Armstrong at the time she

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | |

purchased FRS products." (FAC ¶ 28.) Plaintiffs make the same boilerplate allegations as to Plaintiffs Graham and Martin.[8] (FAC ¶¶ 29, 30.) Plaintiffs provide no other information about the specific products they purchased, nor further details about their purchases. Further, Plaintiffs do not identify with requisite specificity the time and place in which the alleged deceptive or fraudulent misrepresentations were made. To state a claim for UCL, Plaintiff "must include a description of the 'time, place, and specific content of the false representations as well as the parties to the misrepresentations.'" *In re Sony*, 758 F. Supp. 2d at 1092 (quoting *In re Facebook PPC Advertising Litigation*, No. 5:09-CV-03043-JF, 2010 WL 3341062, at *9 (N.D. Cal. Aug. 25, 2010) (quoting *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir.2007))).

### ii.    Reliance on Deceptive Advertising for FAL, CLRA

"In a claim for false advertising, one of these requirements is reliance." *See Cattie v. Wal–Mart Stores, Inc.,* 504 F.Supp.2d 939, 946 (S.D. Cal. 2007). Additionally, under CLRA, a plaintiff must establish reliance upon the alleged false representation in order to satisfy the causation inquiry. *Id.* ("California requires a plaintiff suing under the CLRA for misrepresentations in connection with a sale to plead and prove she relied on a material misrepresentation."); *see also Marolda v. Symantec Corp.,* 672 F.Supp.2d 992, 1002–03 (N.D. Cal. 2009). To prevail on a claim brought under the CLRA, Plaintiffs must allege that they suffered damage as a result of defendant's alleged false representation. Cal. Civ. Code § 1780(a).

Plaintiffs allege that they "believed and relied on Defendants' misrepresentations, false advertising and marketing, and that reliance drove [their] decision to purchase FRS products as opposed to the thousands of other energy and health products on the market and, in some instances, as opposed to purchasing no similar product at all." (FAC ¶¶ 89,

---

[8] Similarly, Plaintiffs allege that "Plaintiff Graham purchased FRS Products which are the subject matter of this dispute, including, but not limited to FRS Healthy Energy drinks. Plaintiff Graham was generally aware of FRS's association with Defendant Armstrong at the time she purchased FRS products." (FAC ¶ 29.) Finally, Plaintiffs make the same boilerplate allegations as to Plaintiff Martin. "Plaintiff Martin purchased FRS products which are the subject matter of this dispute, including, but not limited to, FRS chews and drinks. Plaintiff Martin was generally aware of FRS's association with Defendant Armstrong at the time he purchased FRS products." (FAC ¶ 30.)

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|----------|------------------------------|------|-------------------|
| Title | **Robert Martin v. FRS Company et al** | | |

90, 91.) Plaintiffs FAC quotes from magazine articles and blogs in which those authors allegedly tried FRS products because of Defendant Armstrong's endorsements. (FAC ¶¶ 70-73.) Plaintiffs then attach an NAD report that stated the advertisements needed to clarify that Defendant Armstrong was endorsing in a personal capacity rather than a professional capacity.[9] (FAC ¶ 74.) Plaintiffs do not provide specific allegations as exposure or reliance on the alleged misstatements regarding Defendant Armstrong and FRS products. Plaintiffs do not allege that they read the magazine articles, blogs, or NAD report. Rather, Plaintiffs only allege that "[b]ut for Defendants' false, deceptive, and misleading advertisements, described herein, consumers, including Plaintiffs and the Class, would not have purchased FRS products or would, at a minimum, have purchased fewer products and/or paid less for the products they did purchase." (FAC ¶ 19.)

Plaintiffs cite to *Morgan* for support that when a plaintiff "alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements." 177 Cal. App. 4th at 1257. While the Court agrees that Plaintiffs need not plead the specific advertisements upon which they relied, the Court finds that Plaintiffs must allege in greater specificity than provided in the FAC. Plaintiffs only allege that they were "generally aware of FRS's association with Defendant Armstrong at the time [they] purchased FRS products." (FAC ¶¶ 28, 29, 30.) In *Morgan*, for example, the plaintiffs alleged that "before buying their T68i phones, they each conducted research in which they encountered AT & T advertisements and press releases . . ." *Id*. Additionally, they alleged that "they each were subjected to similar representations when they went to the AT & T store and purchased their phones and service plans, and that they relied upon their research (including information from the AT & T advertisements and press releases, and the in-store representations) in deciding to purchase the T68i from AT & T." *Id*. In

---

[9] Plaintiffs utilize the NAD report for support that "a reasonable takeaway from the FRS Energy advertising is that Lance Armstrong is endorsing the product as an expert – a professional cyclist. In other words, NAD found an implied claim that his endorsement is that he drinks the product because it enhances his performance capability as an elite athlete." (FAC ¶ 74.) "NAD recommended that the advertiser clarify in its advertising that Lance Armstrong is endorsing FRS energy as a celebrity in his current life, and not as a professional cyclist and 7-time Tour De France winner." (Dkt. No. 9-2, Ex. J at 22.) The Court finds these allegations still do not support an inference that "secret weapon" statements are more than non-actionable puffery.

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | |

similar circumstances, courts have dismissed section 17200 claims with leave to amend, and have directed plaintiffs to identify the specific misrepresentations. *See generally Kearney v. Hyundai Motor Co.*, No. SACV 09-1298 DOC, 2010 WL 9093204, at *9 (C.D. Cal. June 4, 2010); *see also Smith v. National City Bank of Ind.,* 2010 WL 1729392, at *2 (N.D. Cal. April 27, 2010).

Even assuming the Court were to liberally construe the FAC's fraud allegations (which it is not required to do under Rule 9(b)), the claims do not satisfy the "plausibility" requirement under *Twombly* and *Iqbal.* At various points in the FAC, Plaintiffs mischaracterize the advertisements. In one advertisement quote, Plaintiffs insert bracketed language that changes the essence of the advertisement. (FAC ¶ 66.) The original advertisement says "if it's good enough for Lance, it is good enough for me!" (FAC, Ex. A.) Plaintiffs instead allege that the advertisement says "if it's good enough for Lance [to win 7 Tour de France world titles], it is good enough for me!" (FAC ¶ 66) (brackets and insertion in FAC). The Court finds this tactic misleading. Plaintiffs cannot alter the advertisements to state a claim for relief. *See Kearney*, 2010 WL 9093204 at *10 (holding that plaintiffs misrepresented the advertisements in their allegations and that only the representations in the actual advertising could not be relied upon to state a claim for relief).

### C. "Unfair" Prong of the UCL

The Ninth Circuit has recognized two tests for determining the "unfair" prong of the UCL. Under the first test, "[a] business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.,* 142 Cal.App.4th 1457, 1473 (2006). Under the second test, "'any finding of unfairness ... [must] be tethered to some legislatively declared policy.'" *Spiegler v. Home Depot U.S.A., Inc.*, 552 F.Supp.2d 1036, 1045 (C.D. Cal. 2008) *aff'd sub nom. Spiegler v. Home Depot USA, Inc.*, 349 F. App'x 174 (9th Cir. 2009) (quoting *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Telephone Co.,* 20 Cal.4th 163, 186 (1999)). "According to the Ninth Circuit, after *Cel–Tech,* courts faced with consumer lawsuits are left with two options: (1) apply *Cel–Tech* and require that unfairness be tied to some legislatively declared policy or (2) adhere to the balancing test." *Spiegler*, 552 F.Supp.2d at 1045(internal quotation marks omitted).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV-13-01456- BRO (MANx)** | Date | February 25, 2014 |
|---|---|---|---|
| Title | **Robert Martin v. FRS Company et al** | | |

The Court finds that Plaintiffs fail to state a claim even under the more amorphous standard articulated in *McKell*. According to Plaintiffs, Defendants' conduct undermines and violates the spirit and policies underlying the FAL, CLRA, and the FTC's *Guides Concerning the Use of Endorsements and Testimonials in Advertising*. (FAC ¶ 131.) As the Court discussed at length, Plaintiffs fail to state a FAL or CLRA claim. Beyond the conclusory statement in paragraph 131, Plaintiffs allege no other sufficient facts regarding the FTC guidelines. (*See* FAC ¶ 131.)

Plaintiffs do not allege any basis for concluding that this injury outweighs the reasons, justifications, and motives of Defendants. *See Elias*, 903 F.Supp.2d at 858 (dismissing claim under the "more amorphous balancing test followed in *McKell*" because plaintiffs did not "allege any basis for concluding that this injury outweighs the reasons, justifications and motives of Defendants"). Plaintiffs only provide conclusory allegations that the harm to Class Members arising from Defendants' conduct outweighs any legitimate benefit Defendants derived from the conduct. (FAC ¶ 131.) Consequently, Plaintiffs fail to plead facts showing that Defendants engaged in an unfair practice. *See id*. Plaintiffs' conclusory allegations fail to plead facts showing that Defendants engaged in an unfair business practice.

### D. "Unlawful" Prong of the UCL

Plaintiffs allege that "Defendants engaged in unlawful conduct under . . . § 17200, *et seq*., by representing to consumers Defendant Armstrong's 'secret weapon' in pursuit of his athletic achievements was his use of FRS products, when, . . . the true secret weapon was Defendant Armstrong's use of illegal performance-enhancing drugs." (FAC ¶ 129.) According to Defendants, this conduct is unlawful in that it violates the CLRA and the FAL. (FAC ¶ 130.) Because the Court finds that Plaintiffs fail to state a claim under the CLRA and the FAL, the Court finds Plaintiffs fail to state a claim under the "unlawful" prong of the UCL.

For the foregoing reasons, the Breach of Express Warranty, FAL, UCL, and CLRA causes of action are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs are instructed to file an amended pleading that complies, where necessary, with the requirements of Rule 9(b).

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV-13-01456- BRO (MANx) | Date | February 25, 2014 |
|----------|-------------------------|------|-------------------|
| Title | Robert Martin v. FRS Company et al | | |

## IV.   MOTION TO STRIKE

Defendants' Motion to Strike class allegations are **DENIED** as moot.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss with leave to amend. Should Plaintiffs elect to file a Second Amended Complaint curing the deficiencies discussed herein, they shall do so **by March 18, 2014**. Failure to meet this deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice.

**IT IS SO ORDERED.**

|                       | :  |
|-----------------------|----|
| Initials of Preparer  | rf |